**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CAROLYN KELLY SIMPSON,**

       **Plaintiff,**                                 Case No. 2:06-cv-270
                                                    **JUDGE GREGORY L. FROST**
      **v.**                                                   **Magistrate Judge Mark R. Abel**

**FIRST USA MANAGEMENT,**

       **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Dismiss (Doc. # 7.)  For the reasons that follow, the Court finds the motion to dismiss well taken in regard to the asserted federal claims and declines to exercise jurisdiction over the state law claims.

### I.  Background

In her Complaint–the factual contentions of which the Court accepts as true for the present inquiry–Plaintiff, Carolyn Kelly Simpson, states that she was an employee for Defendant, First USA Management.  Plaintiff felt that her manager was "showing racial tendencies" and spoke with a human resources manager about the issue in late 2004.  Her manager then wrote her up in what she perceives to be retaliation for complaining to human resources.[1]

Plaintiff filed her pro se Complaint with this Court on April 14, 2006, which broadly

---

[1] In its motion, Defendant asserts that Plaintiff was its employee from March 26, 2001 until July 18, 2005.  (Doc. # 7, at 1.)  The Complaint itself does not provide this information.

construed asserts claims for racial discrimination and retaliation.[2] Defendant responded by filing a motion to dismiss (Doc. # 7), to which Plaintiff has not responded. The period for briefing has closed, and the motion is now ripe for disposition.

## II. Analysis

### A. Standard Involved

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), which enables a defendant to raise by motion the defense of "lack of jurisdiction over the subject matter." In considering such a motion

> the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits. However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true.

*Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted). A plaintiff bears the burden of proving jurisdiction. *Id.*; *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

### B. Discussion

Defendant moves to dismiss Plaintiff's race discrimination and retaliation claims on the grounds that, because she failed to exhaust administrative remedies and has not attached a right-to-sue letter to her pleading, she has failed to satisfy a condition precedent to this Court

---

[2] Plaintiff does not identify under what statute she proceeds, but by her filing in this federal forum, the Court assumes that she asserts her claims under Title VII. To the extent that she intended to assert state law claims, Plaintiff has failed to provide any apparent basis for the exercise of federal jurisdiction.

entertaining this action. Circuit precedent dictates that "[t]he exhaustion of administrative remedies is a condition precedent to a Title VII ... action."[3] *Williams v. Northwest Airlines, Inc.*, 53 Fed. Appx. 350, 351, 2002 WL 31856089, at *1 (6th Cir. 2002) (citing *Zipes v. TWA,* 455 U.S. 385, 392-98 (1982) (Title VII); *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 309 (6th Cir.2000) (ADA), *cert. denied,* 533 U.S. 951 (2001)). *See also Marcum v. Oscar Mayer Foods Corp.*, 46 Fed. Appx. 331, 333, 2002 WL 31074691, at *1 (6th Cir. 2002). The Sixth Circuit Court of Appeals has explained:

> To exhaust administrative remedies, a plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days. *See* 42 U.S.C. § 2000e-5(e). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has 90 days to file a civil action. *See* 42 U.S.C. § 2000e-5(f)(1).

*Williams*, 53 Fed. Appx. at 352, 2002 WL 31856089, at *1. *See also Marcum*, 46 Fed. Appx. at 333, 2002 WL 31074691, at *1.

Neither Plaintiff's Complaint (Doc. # 3) nor the thirty-three attachments she filed three days later (Doc. # 5) indicate that Plaintiff pursued her administrative remedies. There is no indication if or when she received a right-to-sue letter. Her case therefore falls under the Sixth Circuit Court of Appeals's holding that the "[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII ... action." *Williams*, 53 Fed. Appx. at 351, 2002 WL 31856089, at *1 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

---

[3] Recently, a panel of the Sixth Circuit suggested that settled precedent that "administrative exhaustion is a jurisdictional matter rather than an element of a Title VII claim" may require reconsideration. *Bacon v. Honda of America Mfg., Inc.*, No. 03-3213, 2006 WL 1973242, at *3 (6th Cir. July 13, 2006). The *Bacon* panel did not need to engage in such reconsideration under the facts of that case, but merely recognized the potential issue.

*See also Marcum*, 46 Fed. Appx. at 333, 2002 WL 31074691, at *1. This rule proves dispositive of the case here.

There is also no indication in any of Plaintiff's filings that she asks this Court to excuse, or toll, application of the requirements set forth above. The duty to demonstrate facts supporting tolling falls upon Plaintiff. *Williams*, 53 Fed. Appx. at 352, 2002 WL 31856089, at *1 (citing *Morgan v. Washington Mfg. Co.*, 660 F.2d 710, 712 (6th Cir. 1981)). Even if the Court were to construe Plaintiff's filings as *somehow* implicitly asking for tolling, she has failed to present a sufficient basis for such action here. There is no indication that Plaintiff's failure to follow the statutory mandates is the result of circumstances beyond her control or requirements that are not readily apparent. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (setting forth factors to consider in making tolling decision).

There is no evidence or factual allegation that Plaintiff ever filed with the EEOC. Accordingly, the Court finds Defendant's motion to dismiss Plaintiff's complaint well taken under Rule 12(b)(6). *See Mitchell v. Chapman*, 343 F.3d 811, 819-21 (6th Cir. 2003) (stating in footnote 10 that "It is well-settled that the ninety day right to sue provision is an administrative condition precedent, rather than a jurisdictional prerequisite. Consequently, the court should dismiss the action pursuant to Rule 12(b)(6), for failure to state a claim, rather than Rule 12(b)(1), for lack of subject matter jurisdiction."); *Youseff v. Ford Motor Co., Inc.*, 225 F.3d 660, 2000 WL 799314, at *3 n.3 (6th Cir. June 6, 2000) (unpublished table opinion) (approving treatment of a Rule 12(b)(1) motion to dismiss for failure to exhaust administrative remedies as a Rule 12(b)(6) motion to dismiss).

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss.  (Doc. # 7.)  The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

                 /s/ Gregory L. Frost
               GREGORY L. FROST
               UNITED STATES DISTRICT JUDGE